

New Search    Expand All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 542022CA000392CAAXMX [2022000392CAAXMX] | 12/07/2022 | Circuit Civil 3-C | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 12/07/2022 | OTHER-DISCRIMINATION EMPLOYMENT/OTHER | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| JANESK, KENNETH JAMES II | JUDGE | | |
| Putman County Sherriffs Office Search This Party | DEFENDANT | | |
| SESSION, GREGORY    Search This Party | PLAINTIFF | MAYNARD, JULIEN WINSTON | 1035332 |

### Dockets

Page : 1    ALL ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 18 | 02/08/2023 | RETURN OF SERVICE - SERVED ALEX SHARP DESIGNATED TO ACCEPT AS EMPLOYEE OF H D GATOR DELOACH AS SHERIFF OF PUTNAM COUNTY 01-27-2023 - ATTORNEY'S COPY | 1 |
| | 17 | 02/03/2023 | RETURN OF SERVICE - SERVED ALEX SHARP DESIGNATED TO ACCEPT FOR HD GATOR DELOACH AS SHERIFF OF PUTNAM COUNTY 01-27-2023 | 3 |
| | 16 | 01/17/2023 | SUMMONS ISSUED TO: H.D. "GATOR" DELOACH AS SHERIFF OF PUTNAM COUNTY, FLORIDA | 2 |
| | 13 | 01/17/2023 | Payment received: $10.00 Receipt Number MX 2023000791 | |
| | 15 | 01/13/2023 | SUMMONS PROVIDED FOR CLERK TO ISSUE | 2 |
| | 14 | 01/13/2023 | AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL | 30 |
| | 12 | 01/13/2023 | ASSESSMENT 2 - TOTAL $10.00 ISSUE SUMMONS | |
| | 11 | 12/20/2022 | STANDING CASE MANAGEMENT ORDER | 3 |
| | 10 | 12/08/2022 | SUMMONS ISSUED TO: PUTNAM COUNTY SHERIFF'S OFFICE | 2 |
| | 2 | 12/08/2022 | Payment received: $410.00 Receipt Number MX 2022014779 | |
| | 9 | 12/07/2022 | SUMMONS PROVIDED FOR CLERK TO ISSUE | 2 |
| | 4 | 12/07/2022 | COMPLAINT AND DEMAND FOR JURY TRIAL | 30 |
| | 3 | 12/07/2022 | CIVIL COVER SHEET | 3 |
| | 1 | 12/07/2022 | ASSESSMENT 1 - TOTAL $410.00 STANDARD FILING FEE - CA | |

### Judge Assignment History

| Assigned Date | Withdraw Date | Judicial Officer | Type |
|---|---|---|---|
| 12/08/2022 | - | JANESK, KENNETH J II | |

### Court Events

| Event Date | Judge | Docket Type | Location | Prosecutor | Defendant Attorney |
|---|---|---|---|---|---|
| No records found. | | | | | |

### Financial Summary

| Financial Summary | | | |
|---|---|---|---|
| Assessment | Total: $420.00 | Paid to Date: $420.00 | Balance Due: $0.00 |
| Restitution | Total: $0.00 | Paid to Date: $0.00 | Balance Due: $0.00 |

| Financial Details | | | | | |
|---|---|---|---|---|---|
| Count | Assessment Due | Assessment Paid to Date | Restitution Due | Restitution Paid to Date | Last Payment Date |
| | $420.00 | $420.00 | $0.00 | $0.00 | - |

### Reopen History

| Reopen Date | Reopen Close Date | Reopen Reason |
|---|---|---|
| No records found. | | |

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

Privacy - Terms

Case 3:23-cv-00170-TJC-PDB   Document 7   Filed 02/16/23   Page 2 of 45 PageID 57

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

###     I.     CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PUTNAM</u>   COUNTY, FLORIDA

<u>Gregory Session</u>
Plaintiff

Case #   <u>22-CA-392</u>
Judge   <u>JANESK</u>

vs.

<u>Putman County Sherriffs Office</u>
Defendant

###     II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

###     III.     TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**    **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Nonmonetary declaratory or injunctive relief;
    ☒ Punitive

    **V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
    (Specify)

    11

    **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

    **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

    **IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Julien W. Maynard        Fla. Bar # 1035332
        Attorney or party               (Bar # if attorney)

Julien W. Maynard               12/07/2022
  (type or print name)            Date

IN THE CIRCUIT/COUNTY COURT OF FLORIDA, SEVENTH JUDICIAL CIRCUIT,
IN AND FOR PUTNAM COUNTY, FLORIDA

## CASE MANAGEMENT ORDER

**IMPORTANT- This Order contains important deadlines that must be complied with or sanctions may result.**

In accordance with Florida Supreme Court Administrative Order AOSC 20-23, Amendment 12 and Seventh Circuit Administrative Order CV-21-23-SC, the following Case Management Order is issued.  This Order shall remain in effect until and unless a trial order or a subsequent case management order is issued.

A.   **CASE DESIGNATION**

All civil cases are designated as follows, in accordance with Florida Supreme Court Administrative Order AOSC 20-23, Amendment 12.  All civil cases in which a trial by jury is demanded shall be deemed "General" civil cases.  Any case designated as "Complex" as set forth in Rule 1.201, Fla. R. Civ. P., shall be exempted from the requirements of this Order and shall follow the procedures outlined therein.  All other civil cases shall be deemed "Streamlined" civil cases.  Parties may move the court for redesignation.

B.   **PROJECTED TRIAL DATE**

For all cases classified as General civil cases the projected trial date will be 18 months from case filing, or 12 months from the date of this Order, whichever date is later.  For all cases classified as Streamlined civil cases, the projected trial date will be 12 months from case filing, or 6 months from the date of this Order, whichever date is later.  The parties are expected to be ready to try this case by this deadline, unless good cause is demonstrated.

C.   **SERVICE OF PROCESS**

Plaintiff(s) shall serve each defendant with process no later than 120 days from case filing or 60 days from the date this Order is issued, whichever date is later.  All motions for extension of time to complete service of process shall be filed no later than 10 days prior to expiration of the initial 120-day period. In its discretion, the presiding judge may grant Plaintiff(s) an additional 90 days to serve any remaining defendant(s).  After the expiration of the time for service, including any extensions, any unserved defendant(s) shall be dropped from the action, or the case shall be dismissed without prejudice, as appropriate.

D.   **ADDING NEW PARTIES**

The deadline for adding new parties to an action is 90 days after the completion of service of process on the initial defendants or 60 days from the date this Order is issued, whichever date is later, absent a showing of good cause.

E.    **OBJECTIONS TO PLEADINGS**

All objections to pleadings shall be filed no later than 20 days from the date the pleading(s) is served upon the objecting party.  Objections to pleadings shall be timely called up for hearing. Any objections not timely scheduled for hearing may be deemed waived or abandoned.

F.    **COMPLETION OF DISCOVERY**

All discovery shall be completed according to the following schedule:

| Action or Event | General | Streamlined |
|---|---|---|
| Disclosure of expert witnesses | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief |
| Disclosure of fact witnesses | 60 days before docket sounding | 60 days before docket sounding |
| Service of written discovery requests | 45 days before docket sounding | 45 days before docket sounding |
| All other discovery to be completed | 10 days before docket sounding | 10 days before docket sounding |

G.    **PRETRIAL MOTIONS**

All pretrial motions shall be filed no later than 30 days prior to the trial date, absent a showing of good cause.  Pretrial motions filed within 30 days of trial will not be considered if predicated on matters the movant knew or should have known with the exercise of reasonable diligence at least thirty (30) days prior to the trial date.  Because of busy court calendars, hearing time may not be available to consider motions filed close to the deadline.  The inability of a party to obtain hearing time will generally not constitute grounds for a continuance of the trial.

H.    **MEDIATION**

All cases shall participate in mediation, unless excused by the Court, or excluded pursuant to Rule 1.710(b), Fla. R. Civ. P.  Mediation shall be completed prior to docket sounding.

I.    **SERVICE OF THIS ORDER**

Plaintiff shall serve a copy of the case management order upon all other parties and file a notice of service with the Clerk no later than thirty (30) days from the receipt of this Order.

**J.**    **<u>SANCTIONS</u>**

Failure to comply with the terms of this Order may result in sanctions against the offending party.

Done and Ordered in Putnam County, Florida.

/s/ Kenneth J. Janesk, II

Kenneth J. Janesk, II
Circuit Judge



Case 3:23-cv-00170-TJC-PDB    Document 7    Filed 02/16/23    Page 8 of 45 PageID 63

# IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
# IN AND FOR PUTMAN COUNTY, FLORIDA

**GREGORY SESSION,**

          **Plaintiff,**          **CASE NO.:** 22-CA-392

          **vs.**

**PUTMAN COUNTY SHERRIFF'S
OFFICE,**

          **Defendant.**

_____/

## SUMMONS

THE STATE OF FLORIDA

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above-styled cause upon the Defendant:

### PUTMAN COUNTY SHERRIFF'S OFFICE
### 130 Orie Griffin Blvd
### Palatka, FL 32177

    Each Defendant is hereby required to serve written defenses to said Complaint on JULIEN W. MAYNARD, ESQ., The Leach Firm, P.A., 631 S. Orlando Avenue, Suite 300, Winter Park, Florida 32789, Telephone: (407) 574-4999, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before or service on the Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY
## PERSONS WITH DISABILITIES:

    If you are a person with a disability who needs an accommodation in order to access court facilities or participate in a court proceeding, you are entitled, at no cost

to you, to the provision of certain assistance. Please contact Court Administration , 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114; (386) 257-6096 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired call 711.

WITNESS my hand and the seal of this Court on the ____8TH____ day of ____DECEMBER____, 2022 .

Clerk of the Circuit Court

_____

By: _____

As Deputy Clerk

eSigned: 12/08/2022 10:15:41 AM

# IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
# IN AND FOR PUTMAN COUNTY, FLORIDA

**GREGORY SESSION,**

        **Plaintiff,**                       **CASE NO.: 22-CA-392**

        **vs.**

**H.D. "GATOR" DELOACH, in his**
**Official Capacity as SHERIFF,**
**PUTNAM COUNTY, FLORIDA,**

        **Defendant.**

_____/

## SUMMONS

THE STATE OF FLORIDA

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above-styled cause upon the Defendant:

**H.D. "GATOR" DELOACH AS SHERIFF OF**
**PUTMAN COUNTY, FLORIDA**
**130 ORIE GRIFFIN BLVD**
**PALATKA, FL 32177**

    Each Defendant is hereby required to serve written defenses to said Complaint on JULIEN W. MAYNARD, ESQ., The Leach Firm, P.A., 631 S. Orlando Avenue, Suite 300, Winter Park, Florida 32789, Telephone: (407) 574-4999, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## <u>REQUESTS FOR ACCOMMODATIONS BY</u>
## <u>PERSONS WITH DISABILITIES:</u>

   If you are a person with a disability who needs an accommodation in order to access court facilities or participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114; (386) 257-6096 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired call 711.

   WITNESS my hand and the seal of this Court on the ____17TH____ day of ____JANUARY____, 2023 .

        Clerk of the Circuit Court


        _____

      By: ___*Katie Miller*_____
        As Deputy Clerk
        eSigned: 01/17/2023 14:55:48 PM

UNOFFICIAL DOCUMENT




## PUTNAM COUNTY SHERIFF
### PUTNAM COUNTY, FL
# NON-ENFORCEABLE RETURN OF SERVICE

**Document Number:** PCSO23CIV000383NON          **Agency Number:** PUTNAM
**Court:** CIRCUIT CIVIL
**County:** PUTNAM
**Case Number:** 22CA392

**Attorney/Agent:**
THE LEACH FIRM. P.A.

631 S ORLANDO AVE, STE 300
WINTER PARK, FL  32789

**Plaintiff:**   GREGORY SESSIONS
**Defendant:**  H.D. "GATOR" DELOACH, IN HIS OFFICIAL CAPACITY AS SHERIFF, PUTNAM COUNTY FLORIDA

**Type of Process:** SUMMONS/ CASE MANAGEMENT ORDER/ AMENDED COMPLAINT AND DEMAND FOR JURY
TRIAL/

CORPORATE - EMPLOYEE

Received the above named WRIT on 1/25/2023 at  at 9:22 AM and served the same at  at 1:53 PM on 1/27/2023 in
PUTNAM COUNTY, by delivering a true copy of this WRIT together with a copy of the initial pleadings, if any, with the date
and hour of service endorsed thereon by me to ALEX SHARP, DESIGNATED TO ACCEPT as an employee of DELOACH,
H.D. "GATOR" AS SHERIFF OF PUTNAM COUNTY FL, the within named corporation at said corporation's place of
business, 130  ORIE GRIFFIN BLVD , PALATKA, FL,  because service could not be made on the registered agent for
failure ot comply with Section 48.091, Florida Statues, after the provisions as set forth in Section 48.081 (3), Florida
Statues, have been met.

H.D. "Gator" DeLoach, Sheriff
PUTNAM COUNTY

By: _____
C. VINSON, S1224

Service Fee:    $40.00
Receipt No:    25924-23-D

PUTNAM CO CLERK OF COURT
02 |-3| 2023 12: 45   P

Printed By:  KPITTS

Filing # 164881702 E-Filed 01/17/2023 03:50:17 PM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR PUTMAN COUNTY, FLORIDA

GREGORY SESSION,

          Plaintiff,              **CASE NO.: 22-CA-392**

      vs.

H.D. "GATOR" DELOACH, in his
Official Capacity as SHERIFF,
PUTMAN COUNTY, FLORIDA,

          Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint in the above-styled cause upon the Defendant:

**H.D. "GATOR" DELOACH AS SHERIFF OF
PUTMAN COUNTY, FLORIDA
130 ORIE GRIFFIN BLVD
PALATKA, FL 32177**

    Each Defendant is hereby required to serve written defenses to said Complaint
on JULIEN W. MAYNARD, ESQ., The Leach Firm, P.A., 631 S. Orlando Avenue,
Suite 300, Winter Park, Florida 32789, Telephone: (407) 574-4999, within twenty (20)
days after service of this Summons upon you, exclusive of the day of service, and to
file the original of said written defenses with the Clerk of said Court either before or
immediately thereafter. If you fail to do so, a default will be entered against you for
the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY
## PERSONS WITH DISABILITIES:

   If you are a person with a disability who needs an accommodation in order to access court facilities or participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114; (386) 257-6096 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired call 711.

   WITNESS my hand and the seal of this Court on the ___17TH___ day of ___JANUARY___, 2023 .

          Clerk of the Circuit Court


         _____

      By: ___Katie Miller_____
        As Deputy Clerk
        eSigned: 01/17/2023 14:55:48 PM

UNOFFICIAL DOCUMENT




### PUTNAM COUNTY SHERIFF
### PUTNAM COUNTY, FL
## NON-ENFORCEABLE RETURN OF SERVICE

**Document Number:** PCSO23CIV000383NON        **Agency Number:** PUTNAM
**Court:** CIRCUIT CIVIL
**County:** PUTNAM
**Case Number:** 22CA392

    **Attorney/Agent:**
    THE LEACH FIRM. P.A.

    631 S ORLANDO AVE, STE 300
    WINTER PARK, FL  32789

**Plaintiff:**    GREGORY SESSIONS
**Defendant:**   H.D. "GATOR" DELOACH, IN HIS OFFICIAL CAPACITY AS SHERIFF, PUTNAM COUNTY FLORIDA

**Type of Process:** SUMMONS/ CASE MANAGEMENT ORDER/ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL/

CORPORATE - EMPLOYEE

Received the above named WRIT on 1/25/2023 at  at 9:22 AM and served the same at  at 1:53 PM on 1/27/2023 in PUTNAM COUNTY, by delivering a true copy of this WRIT together with a copy of the initial pleadings, if any, with the date and hour of service endorsed thereon by me to ALEX SHARP, DESIGNATED TO ACCEPT as an employee of DELOACH, H.D. "GATOR" AS SHERIFF OF PUTNAM COUNTY FL, the within named corporation at said corporation's place of business, 130  ORIE GRIFFIN BLVD , PALATKA, FL,  because service could not be made on the registered agent for failure ot comply with Section 48.091, Florida Statues, after the provisions as set forth in Section 48.081 (3), Florida Statues, have been met.

H.D. "Gator" DeLoach, Sheriff
PUTNAM COUNTY

By: _____
                 C. VINSON, S1224
    Service Fee:     $40.00
    Receipt No:     25924-23-D

# IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
## IN AND FOR PUTMAN COUNTY, FLORIDA

GREGORY SESSION,

        **Plaintiff,**               **CASE NO.: 22-CA-392**

        **vs.**

**H.D. "GATOR" DELOACH, in his
Official Capacity as SHERIFF,
PUTNAM COUNTY, FLORIDA,**

        **Defendant.**

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff GREGORY SESSION (hereinafter referred to as "Plaintiff"), by and

through the undersigned counsel, hereby files this Complaint against Defendant H.D.

"GATOR" DELOACH, in his Official Capacity as SHERIFF, PUTNAM COUNTY,

FLORIDA (hereinafter referred to as "Defendant"), and in support thereof states the

following:

## INTRODUCTION

This is an action for damages and all available relief based on race

discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as

amended by the Civil Rights Act of 1991 (Title VII), 42 U.S.C. § 1981a (Section 1981,

the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"), interference

and retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"),

29 U.S.C. § 2601, et seq., discrimination in violation of the provisions of the ,

Americans with Disabilities Act, as amended ("ADAAA"), and retaliation in violation

1

of section 440.205, Florida Statutes. As a result, Plaintiff seeks to recover front pay,
back pay, reinstatement, lost benefits, compensatory damages, emotional distress
damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs,
and any other relief to which Plaintiff is entitled, including but not limited to,
equitable relief.

## JURISDICTION

1.     Plaintiff seeks damages in excess of $30,000.00, exclusive of interests,
costs, and attorneys' fees. Thus, this controversy is within the subject matter of this
Court.

2.     Plaintiff is seeking damages including back pay, front pay,
compensatory damages, punitive damages (if permitted to be pled), attorneys' fees
and costs.

3.     Additionally, the events giving rise to this action occurred within this
jurisdiction.

## VENUE

4.     Plaintiff is an individual who resides in Putman County, Florida.

5.     Defendant is and was, at the time of all incidents described herein,
operating in Putman County, Florida, which is within the jurisdiction of this Court.

6.     Therefore, venue is proper in this Court.

## PARTIES

7.     Plaintiff was employed as a Corrections Officer most recently from
approximately March 1, 2013, until October 28, 2021.

At all times material hereto, Plaintiff worked for Defendant in Palatka, Florida.

9.     At all times material, Defendant was an "employer" as defined by the laws under which this action is brought and employed more than fifteen (15) employees.

10.     At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

11.     At all times material, Plaintiff was protected by the ADAAA because he suffered from a physically disabling condition, which affected one or more major life activities.

12.     Therefore, Plaintiff either:

   a. Was suffering from "a physical or mental impairment that substantially limits one or more his major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

   b. Had "a record of such an impairment" because of his required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

   c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

13.     At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2)

14.     Defendant employs more than fifty (50) employees.

15.     Defendant employs more than fifty (50) employees within 75 miles of Palatka, Florida.

16.     At all times materially relevant, Defendant engaged in an industry

3

17.    At all times relevant, Defendant engaged in commerce within the meaning of 29 U.S.C. § 2601(1).

18.    Plaintiff was an "employee" as defined by the FMLA.

19.    Defendant is an "employer" as defined by the FMLA.

20.    Plaintiff was an "employee" as defined by the ADAAA.

21.    Defendant is an "employer" as defined by the ADAAA.

22.    Plaintiff was an "employee" as defined by the FCRA.

23.    Defendant is an "employer" as defined by the FCRA.

## STATUTORY PREREQUISITES

24.    Plaintiff is an African American male who suffered discrimination based on his race.

25.    As such, Plaintiff is a member of a class of individuals protected by Title VII, Section 1981, and the FCRA.

26.    Plaintiff was qualified for his position of employment as a Corrections Officer.

27.    The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, Section 1981, and the FCRA.

28.    Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, Section 1981, and the FCRA.

29.    Plaintiff is a member of a class of individuals protected by the ADAAA.

30. Defendant meets the statutory criteria for coverage as "employer" under the ADAAA.

31. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA.

32. Plaintiff timely filed his Charge of Discrimination with the EEOC on or around March 24, 2022.

33. The EEOC issued a Dismissal and Notice of Rights on September 12, 2022.

34. Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving his Right-To-Sue letter.

35. Plaintiff has complied with all other requirements and all prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

36. Defendant initially hired Plaintiff in December 1986 in the position of Corrections Deputy ("C/D") at the PCSO's correctional facility.

37. Since his initial hire, Plaintiff was promoted several times.

38. In December 2011, Plaintiff retired, honorably ranked as a Lieutenant.

39. Throughout his first stint of employment with Defendant, Plaintiff's performance was outstanding, and he had no disciplinary issues.

40. However, approximately two years later, Defendant recruited and rehired Plaintiff in March 2013.

41. Following his return to work for Defendants, Plaintiff performed well and had no disciplinary issues.

42. In or around May 2020, near the beginning of the COVID-19 Pandemic, the correctional facility experienced a severe outbreak of COVID-19.

43. Indeed, approximately five inmates contracted COVID-19.

44. The affected inmates were not quarantined from the general population.

45. During the course and scope of his job-related tasks and responsibilities, Plaintiff and several other deputies also contracted COVID-19 from the workplace.

46. Major John Valdes denied Plaintiff and his colleagues the opportunity to wear face masks. Valdes advised the inmates may react with hostility as masks were not provided for them.

47. As a result of contracting COVID-19, Plaintiff became extremely ill and was admitted to Putnam Community Hospital on approximately June 19, 2020.

48. Plaintiff was treated for fatigue, chills, sweats, loss of taste and smell, loss of appetite, and respiratory failure.

49. Plaintiff's treating physicians also diagnosed Plaintiff with COVID pneumonia.

50. Plaintiff's medical condition was so critical, he spent two weeks in the hospital and was released on July 2, 2020.

51. Colonel Joseph Wells expected Plaintiff to return to his position immediately after being discharged.

6

52.    However, due to Plaintiff's weakened state, after losing approximately 55lbs, Plaintiff informed Wells of his physical limitations (e.g., walking and breathing) and his inability to immediately return to work.

53.    Accordingly, Plaintiff did not work for approximately 3 months and returned in September 2020.

54.    Plaintiff announced to Wells of his intent to file a workers' compensation claim.

55.    Wells blocked Plaintiff from filing a claim when he instructed Defendant's Finance Department that Plaintiff contracted COVID-19 while off duty.

56.    Wells unfoundedly blamed Plaintiff for the spread of COVID-19 within the correctional facility.

57.    Upon discovering the allegations espoused by Wells, Plaintiff voiced concerns that he had been defamed and was a victim of slander.

58.    Plaintiff informed Wells of his intent to file a lawsuit alleging defamation and slander in the workplace.

59.    Plaintiff experienced retaliatory treatment from Wells after raising his concerns.

60.    Wells scrutinized and micromanaged Plaintiff in a manner not consistent with Plaintiff's colleagues after the incident.

61.    In June 2021, Plaintiff received a written reprimand and was placed on Probation.

7

On September 14, 2021, Plaintiff, C/D Terrance Haynes, and C/D Isaiah Decent worked as the assigned Corrections Deputies in the North Tower detention center.

63.     At the beginning of their shift, Plaintiff, C/D Terrance Haynes, and C/D Isaiah Decent, conducted an initial shift-change head count of the inmates at approximately 6:00am.

64.     The shift-change head count was correct.

65.     After the count cleared, Plaintiff worked amongst the inmates in general population from approximately 6:00am until 11:00am.

66.     Later, Plaintiff switched roles with C/D Decent and worked the remainder of his shift in the North Tower Control Room.

67.     At approximately 11:15am, a representative from the booking-desk alerted the correction deputies to cease all movement and activities in anticipation of the upcoming 6-hour head count, which required completion by 12:00pm.

68.     Plaintiff instructed C/D Decent to conduct a head count of the inmates and to complete a random search of the inmates' cells for contraband.

69.     C/D Decent's first head count did not clear, which prompted a necessary recount of the inmates.

70.     C/D Decent conducted a second head count, which also was not correct. Therefore, the second count did not clear.

71.     Plaintiff inquired with C/D Decent and Lt. Steven Breckenridge about the inaccurate count and why it did not clear.

8

Master head count of all eight cell blocks.

73. As a requirement of conducting a proper Master head count, all inmates were mandated to return their cell blocks.

74. Plaintiff discovered the missing inmate, who had been escorted to booking; thereafter Plaintiff conducted a Master head count without error.

75. Following the incident, C/D Decent admitted to Breckenridge that he had twice improperly conducted the inmate count.

76. On October 7, 2021, Plaintiff requested a leave of absence pursuant to FMLA for a personal medical issue concerning his heart.

77. Defendant approved Plaintiff's medical leave; Plaintiff was scheduled to begin his leave on October 27, 2021.

78. On October 15, 2021, just eight (8) days after his request for medical leave, Defendant notified Plaintiff of a pending administrative investigation ("AI") stemming from the improper head counts conducted by C/D Decent on September 14, 2021.

79. Defendant did not conduct a thorough internal investigation:

   a. Defendant did not provide Plaintiff an opportunity to give a statement or testimony under oath;

   b. Defendant did not provide Plaintiff an opportunity to seek counsel or representation.

9

80. On October 24, 2021, Plaintiff injured his shoulder while opening a poorly maintained feeding-port for a nurse attempting to distribute medication.

81. Plaintiff immediately reported the injury to his supervisor, Sergeant Looney.

82. Looney completed Plaintiff's workers' compensation First Injury Report and Plaintiff was directed to Express MedEx / Medical Express for treatment.

83. Plaintiff's treating physician recommended light duty and advised him not to return to work until an MRI had been performed.

84. However, five (5) days after Plaintiff suffered his most recent workplace injury, Defendant terminated Plaintiff on Thursday, October 28, 2021, for his alleged role in the improper head count on September 14, 2021.

85. Approximately the same time as Plaintiff's termination, two White C/Ds conducted improper inmate head counts.

86. Specifically, C/D Walker and C/D Bishop failed to conduct a proper initial head count and the recount.

87. Unlike Plaintiff, Defendant did not discipline C/D Walker and C/D Bishop for their neglect.

## COUNT I
## RACE DISCRIMINATION UNDER TITLE VII

88. Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 24-28; 32-75; 78-79; 84-87 above as if fully set forth herein and further states:

89. Defendant discriminated against Plaintiff based on his race.

10

90.     Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

91.     Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

92.     The above discrimination was committed by Defendant with a reckless disregard for Plaintiff's rights under federal law.

93.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer from loss of employment, loss of income, loss of other employment benefits, mental anguish, distress, humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Injunctive relief;

f.     Prejudgment interest;

g.     Costs and attorney's fees; and

h.     Such other relief as the Court may deem just and proper.

## COUNT II
## RETLIATION UNDER TITLE VII

94.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 24-28; 32-75; 78-79; 84-87 above as if fully set forth herein and further states:

95.   Defendant retaliated against Plaintiff because of his complaints about race discrimination.

96.   Plaintiff engaged in a protected activity by complaining of disparate treatment and/or race discrimination.

97.   Plaintiff suffered an adverse action.

98.   Defendant engaged in unlawful employment practices prohibited by Title VII by retaliating against Plaintiff as set forth above.

99.   Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

100.   The above-described discrimination and retaliation were committed by Defendant with a reckless disregard for Plaintiff's rights under federal law.

101.   As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer from loss of employment, loss of income, loss of other employment benefits, mental anguish, distress, humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

12

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

102.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 24-28; 32-75; 78-79; 84-87 above as if fully set forth herein and further states:

103.    Plaintiff is an African American individual and therefore a member of a protected class pursuant to 42 U.S.C. § 1981.

104.    At all times material to this proceeding, Defendant employed Plaintiff.

105.    At all times material, Defendant, through its agents, representatives, and employees who were acting in the course and scope of their employment, was an employer within the meaning of Section 1981.

106.    Defendant deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by discriminating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment.

107.    Defendant discriminated against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

13

108.    Defendant has not, on any other occasions, acted in a similar manner with former or current White employees who have entered such or similar employment-related contract(s), agreements, or relationships with Defendant.

109.    Pursuant to 42 U.S.C. § 1981(a), "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by White citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

110.    Pursuant to 42 U.S.C. § 1981(b), "[f]or purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

111.    Based on the foregoing allegations as set forth in paragraphs 1-9; 24-28; 32-41; 62-75; 78-79; 84-87, Defendant violated Plaintiff's civil rights under 42 U.S.C. § 1981 by discriminating against Plaintiff in the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and the Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

14

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Non-pecuniary damages afforded under Section 1981;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

112.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 24-28; 32-75; 78-79; 84-87 above as if fully set forth herein and further states:

113.    Plaintiff is an African American individual and therefore a member of a protected class as set forth in and pursuant to 42 U.S.C. § 1981.

114.    At all times materially relevant, Plaintiff was an employee of the Defendant.

115.    At all times materially relevant, Defendant through its agents, representatives, and employees who were acting in the course and scope of their employment, was an employer within the meaning of Section 1981.

116.    Defendant deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by discriminating and retaliating against Plaintiff with respect to the benefits, rights, privileges, and terms and conditions of his employment by discriminating and retaliating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing, and causing Plaintiff further harm for the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

15

former or current White employees who have entered such or similar employment related contract(s), agreements or relationships with Defendant.

118.   Plaintiff suffered an adverse action.

119.   Pursuant to 42 U.S.C. §1981 (a), "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by White citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

120.   Pursuant to 42 U.S.C. §1981 (b), "[f]or purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

121.   Based on the foregoing allegations as set forth in paragraphs 1-9; 24-28; 32-41; 62-75; 78-79; 84-87, Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating and retaliating against Plaintiff in the making and enforcement of his employment contract and employment relationship, including the performance and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

b.     Interest on backpay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Non-pecuniary damages afforded under Section 1981;

g.     Costs and attorney's fees; and

h.     Such other relief as the Court may deem just and proper.

## COUNT V
## RACE DISCRIMINATION IN VIOLATION OF FCRA

122.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 24-28; 32-75; 78-79; 84-87 above as if fully set forth herein and further states:

123.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

124.    Defendant discriminated against Plaintiff based on his race.

125.    Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

126.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

127.    At all material times, Plaintiff was qualified to perform his job duties.

128.    The above discrimination was commissioned by Defendant with a reckless disregard for Plaintiff's rights under state law.

129.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss

17

anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on backpay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Costs and attorney's fees; and

h.  Such other relief as the Court may deem just and proper.

## COUNT VI
## RETALIATION IN VIOLATION OF FCRA

130.  Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 24-28; 32-75; 78-79; 84-87 above as if fully set forth herein and further states:

131.  Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

132.  At all times materially relevant, Plaintiff was qualified to perform his job duties.

133.  Defendant retaliated against Plaintiff because of his complaints of racial discrimination.

134.  Plaintiff engaged in a protected activity by making numerous verbal and written complaints to Defendant.

18

135. Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

136. The above retaliation was committed by Defendant with a reckless disregard for Plaintiff's rights under state law.

137. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer from loss of employment, loss of income, loss of other employment benefits, has suffered and continues to suffer from mental anguish, distress, humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on backpay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT VII
## DISCRIMINATION UNDER THE ADAAA

138. Plaintiff re-alleges and adopts the allegations of paragraphs 1-13; 20-21; 26; 29-61; 76-77; 80-84 above as if fully set forth herein and further states:

139. Plaintiff suffered from disabling medical conditions pursuant to the ADAAA.

140. Defendant discriminated against Plaintiff because of his disabilities, in violation of Federal law.

141. Defendant failed to engage in the interactive process to determine whether an accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

142. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

143. Plaintiff was protected by the ADAAA:

   a. Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendants; and

   b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

144. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

145. Plaintiff's medical conditions are protected disabilities under the ADAAA. *See* 42 U.S.C. § 12102.

146. Defendant's actions unquestionably constituted disability discrimination in violation of the ADAAA.

147. By reason of the foregoing, Defendant's actions and non-actions affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the ADAAA.

148. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

149. Defendant does not have a legitimate, non-discriminatory rationale for denying Plaintiff's accommodation request.

150. Plaintiff suffered sufficiently severe and pervasive treatment because of his disability and/or "perceived disability," and request for accommodation regarding same.

151. Defendant's acts, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

152. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability".

153. Defendant's conduct, by and through its agents and employees proximately, directly, and foreseeably injured Plaintiff and allows for damages including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

154. Defendant's conduct was so willful and wanton, and in such reckless disregard of Plaintiff's statutory rights, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

155. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT VIII
## RETALIATION UNDER THE ADAAA

156. Plaintiff re-alleges and adopts the allegations of paragraphs 1-13; 20-21; 26; 29-61; 76-84 above as if fully set forth herein and further states:

157. Plaintiff suffered from disabling medical conditions pursuant to the ADAAA.

158. Defendant retaliated against Plaintiff due to his disabilities in violation of Federal law.

22

159. Defendant failed to engage in the interactive process to determine whether an accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

160. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

161. Defendant terminated Plaintiff because he requested reasonable accommodations due to his disabilities.

162. Defendant terminated Plaintiff in violation of the ADAAA.

163. Plaintiff is protected by the ADAAA:

    a. Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or perceived disability by Defendant; and

    b. Plaintiff suffered an adverse employment action as a result of his disability or perceived disability.

164. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

165. Plaintiff's medical conditions are protected disabilities under the ADAAA. *See* 42 U.S.C. § 12102.

166. Defendant's actions unquestionably constitute retaliation in violation of the ADAAA.

167. By reason of the foregoing, Defendant's actions and non-actions affected the terms, conditions, or privileges of Plaintiff's employment as envisioned by the

168. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

169. Defendant does not have a legitimate, non-discriminatory rationale for terminating the Plaintiff.

170. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is a member of the protected class as envisioned by the ADAAA.

171. Defendant's acts, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

172. The retaliation to which Plaintiff was subjected was based on his disability and/or "perceived disability."

173. Defendant's conduct, by and through its agents and employees proximately, directly, and foreseeably injured Plaintiff and calls for damages including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

174. Defendant's conduct was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

175. Plaintiff is entitled to recover reasonable attorneys' fees and litigation

24

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT IX
## INTERFERENCE UNDER THE FMLA

176.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-8; 14-19; 35-41; 76-79; 84 above as if fully set forth herein and further states:

177.   Plaintiff, at all times materially relevant, qualified for FMLA-covered leave.

178.   Defendant was Plaintiff's employer as defined by the FMLA.

179.   Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

180.   As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses,

25

mental anguish, loss of enjoyment of life and other non-pecuniary losses.

181. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

182. Defendant's violations of the FMLA were willful.

183. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT X
### RETALIATION UNDER THE FMLA

184. Plaintiff re-alleges and adopts the allegations of paragraphs 1-8; 14-19; 35-41; 76-79; 84 above as if fully set forth herein and further states:

185. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

186. Defendant employed Plaintiff as defined by the FMLA.

26

Defendant knew he was eligible for leave under the FMLA.

188. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA.

189. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

190. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

191. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

192. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

193. As a direct, natural, proximate, and foreseeable result of Defendant's actions, Plaintiff suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

194. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

195. Defendant's violations of the FMLA were willful.

196. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT XI
### RETALIATION IN VIOLATION OF SECTION 440.205, FLORIDA STATUTES

197.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-8; 42-61; 80-84 above as if fully set forth herein and further states:

198.    Defendant's acts, by and through its agents and employees, violated Plaintiff's rights against retaliation under section 440.205, Florida Statutes.

199.    Defendant discharged Plaintiff for attempting to claim compensation under Florida's Workers' Compensation Laws (Chapter 440, Florida Statutes).

200.    The retaliation to which Plaintiff was subjected was based on his injuries acquired through the course and scope of performing his job.

201.    The retaliation to which Plaintiff was subjected was based on his attempt to claim compensation Workers' Compensation.

28

business reason for Plaintiff's firing.

203.    Defendant's conduct, by and through its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

204.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a.    Declare that Defendant violated the aforementioned causes of action;

b.    Grant a jury trial and entry of judgment in Plaintiff's favor;

c.    Award back pay;

d.    Award front pay;

e.    Award compensatory damages;

f.    Award liquidated damages;

g.    Award attorneys' fees, costs, and expenses;

h.    Award prejudgment interests, and, if applicable, post-judgment interest;

i.    Award any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which this Court deems just and proper.

29

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable. .

Dated this 13th day of December, 2022.

Respectfully submitted,

*s/Julien W. Maynard*
Anthony Hall, Esq.
FL Bar No.: 40924
Julien W. Maynard, Esq. – LEAD COUNSEL
FL Bar No.: 1035332
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: jmaynard@theleachfirm.com
Email: yhernandez@theleachfirm.com

*Attorneys for Plaintiff*