UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY SESSION,

      Plaintiff,

v.                                            Case No. 3:23-cv-170-MMH-PDB

H.D. "GATOR" DELOACH, in his
Official Capacity as SHERIFF,
PUTNAM COUNTY, FLORIDA,

      Defendant.
_____

## ORDER

**THIS CAUSE** is before the Court sua sponte. On February 16, 2023, Defendant filed Defendant's Notice of Removal (Doc. 1) seeking to remove this case from the Circuit Court for the Seventh Judicial Circuit, in and for Putnam County, Florida. See Notice at 1. Defendant asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as Plaintiff has raised violations of federal law in his underlying Amended Complaint and Demand for Jury Trial (Doc. 7). See Notice at 2; see also Amended Complaint, Cts. I-IV, VII-X. Defendant also maintains that the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's related state law claims under the Florida Civil Rights Act (FCRA), Fla. Stat. §

1

760.01 et seq.  See Notice at 2-3; see also Amended Complaint, Cts. V-VI.  The Court is satisfied it may properly exercise jurisdiction over these claims.

However, Defendant also asserts that the Court may exercise supplemental jurisdiction over Plaintiff's claim arising under Florida's Worker's Compensation statute, Fla. Stat. § 440.205.  See Notice at 2-3; Amended Complaint, Ct. XI.  This is incorrect.  Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  See 28 U.S.C. § 1445(c) (emphasis added).  Indeed, the Eleventh Circuit has held that such claims must be remanded to state court as the federal court lacks subject matter jurisdiction over them.  See Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000); Alansari v. Tropic Star Seafood Inc., 388 F. App'x 902, 905-06 (11th Cir. 2010); see also Shaw v. Ring Power Corp., 917 F. Supp. 2d 1221, 1222-24 (N.D. Fla. 2013).  Pursuant to 28 U.S.C. § 1441(c), where an action is removed that includes "a claim that has been made nonremovable by statute," the district court "shall sever" the nonremovable claim and remand the claim to the state court from which it was removed.  See 28 U.S.C. § 1441(c)(1)(B) and (2).  Thus, it appears Count XI of the Amended Complaint

2

must be severed from the remainder of the Amended Complaint and remanded to state court.[1]

In light of the foregoing, the parties are directed to **SHOW CAUSE** by a written response filed on or before **March 6, 2023**, why the Court should not sever and remand to state court Count XI of the Amended Complaint which sets forth Plaintiff's worker's compensation retaliation claim under section 440.205 of the Florida Statutes.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of February, 2023.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies:

Counsel of record

---

[1] The Court notes that if the parties would prefer to litigate all of Plaintiff's claims in one forum, they may either agree to the remand of the entirety of this action, or agree that Plaintiff will voluntarily dismiss this action and directly file the matter anew in federal court. See Shaw, 917 F. Supp. 2d at 1224.